UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA NESSEL, Attorney General of
the State of Michigan,

            Plaintiff,                              No.

v.

TASTE WINE, LLC, d/b/a Taste Wine          HON.
Company,

            Defendant.
_____

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS
PURSUANT TO THE TWENTY-FIRST AMENDMENT ENFORCEMENT ACT
AND MICHIGAN CONSUMER PROTECTION ACT**

Attorneys for Plaintiff

DANA NESSEL
Attorney General

Rosendo Asevedo, Jr. (P28369)
Daniel Felder (P68920)
Melinda A. Leonard (P63638)
Assistant Attorneys General
Alcohol & Gambling Enforcement Division
25680 W. 8 Mile Rd.
Southfield, MI  48033
(313) 456-1180
asevedor@michigan.gov

Dated:  May 5, 2021

## I.  PRELIMINARY STATEMENT

1.      Plaintiff, Michigan Attorney General Dana Nessel, brings this lawsuit against Defendant, Taste Wine, LLC, (Taste Wine), and seeks preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, and costs and fines pursuant to the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901, *et seq*.

2.      Taste Wine has illegally sold and shipped intoxicating liquors to consumers in Michigan without licensure by the Michigan Liquor Control Commission (MLCC).

3.      These practices violate several provisions of the Michigan Liquor Control Code, as well as section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903.

4.      The MLCC, in partnership with the Michigan Department of Attorney General, has dedicated extensive resources to enforcing Michigan's alcohol sale and shipping restrictions.

5.      In furtherance of the efforts to combat illegal sales and shipments of alcohol and avoid litigation, Plaintiff Nessel has attempted to stop Taste Wine from making illegal sales and shipments by issuing a cease-and-desist letter.  See Exhibit 1.

6.      Taste Wine failed to comply with the cease-and-desist request.

7.     Taste Wine continues to violate the alcohol sale and shipping laws imposed by the Michigan Liquor Control Code and, in so doing, threatens the health, safety, and welfare of Michigan citizens.

8.     The Twenty-first Amendment to the United States Constitution prohibits "[t]he transportation or importation into any State, Territory, or Possession of the United States for delivery or use therein of intoxicating liquors, in violation of laws thereof."  U.S. Const. Amend. XXI, § 2.

9.     This lawsuit is required to restrain Taste Wine from engaging or continuing to engage in the violations alleged, to enforce compliance with Michigan law, to enforce Michigan's authority over the transportation and importation of alcoholic liquor into Michigan, and to protect the health, safety, and welfare of its citizens.  *See* 27 U.S.C. § 122a(b)(1)-(2).

## II.     PARTIES

10.     Plaintiff, Attorney General Dana Nessel, brings this suit in her official capacity.

11.     Defendant, Taste Wine, is a New York limited liability corporation located at 50 3rd Ave., New York, NY 10003.

## III.     JURISDICTION

12.     The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, permits state attorneys general to bring a civil action in federal district courts when the attorney general "has reasonable cause to believe that a person is engaged in, or

has engaged in, any act that would constitute a violation of a State law regulating

the importation or transportation of any intoxicating liquor." 27 U.S.C. § 122a(b).

13.     "Intoxicating liquor" is defined in the Twenty-first Amendment

Enforcement Act as "any spirituous, vinous, malted, fermented, or other

intoxicating liquor of any kind." 27 U.S.C. § 122a(a)(2).

14.     This Court has jurisdiction pursuant to subsection (c)(1) of the Twenty-

first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(1), which provides in

relevant part:

> The district courts of the United States shall have
> jurisdiction over any action brought under this section by
> an attorney general against any person, except one
> licensed or otherwise authorized to produce, sell, or store
> intoxicating liquor in such state.

15.     Taste Wine is not licensed or otherwise authorized to produce, sell, or

store intoxicating liquor in the State of Michigan.

16.     Plaintiff's state law claims are so related to the action over which this

Court has original jurisdiction that they form part of the same case or controversy

under Article III of the United States Constitution.  As such, this Court has

supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.

§ 1367(a).

## IV.    VENUE

17.      The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2),

provides that "[a]n action under this section may be brought only in accordance with

4

section 1391 of Title 28 or in the district in which the recipient of the intoxicating liquor resides or is found."

18.     Taste Wine has made illegal sales and shipments of intoxicating liquor to MLCC investigators who reside in Mason, Michigan, and Kent City, Michigan, respectively.

19.     Mason and Kent City, Michigan, are located in the Western District of Michigan federal judicial district.

20.     Venue in the Western District is therefore appropriate pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2).

V.     **BACKGROUND**

21.      Since 2015, with the close assistance of the Attorney General's Alcohol and Gambling Enforcement Division, the MLCC has focused on unlicensed entities illegally selling and shipping beer and wine to consumers in Michigan.

22.     For the reasons alleged in this Complaint, Plaintiff has reasonable cause to believe that Taste Wine is violating Michigan laws governing the transportation and importation of intoxicating liquor.

23.     Taste Wine continues to sell and ship wine directly to Michigan consumers despite not holding a direct shipper license in the State of Michigan. Taste Wine's activities constitute illegal importation of intoxicating liquors.

24.      Michigan law generally prohibits a person from selling, delivering, or importing alcoholic liquor in Michigan unless the "sale, delivery, or importation is made by the [C]ommission, the [C]ommission's authorized agent or distributor, an

5

authorized distribution agent approved by order of the [C]ommission, a person

licensed by the [C]ommission, or by prior written order of the [C]ommission." Mich.

Comp. Laws § 436.1203(1).

> 25. "Alcoholic liquor" is defined in the Michigan Liquor Control Code as:
>
> > any spiritous, vinous, malt, or fermented liquor, powder,
> > liquids, and compounds, whether or not medicated, proprietary,
> > patented, and by whatever name called, containing ½ of 1% or
> > more of alcohol by volume that are fit for use for food purposes
> > or beverage purposes as defined and classified by the
> > [C]ommission according to alcoholic content as belonging to 1 of
> > the varieties defined in this chapter.

Mich. Comp. Laws § 436.1105(3).

> 26. Michigan allows only "direct shipper" licensees to sell and ship wine

from outside the state directly to consumers in Michigan. *See* Mich. Comp. Laws

§ 436.1203(4). "Direct shipper" is defined in the Michigan Liquor Control Code as "a

person who sells, delivers, or imports wine, to consumers in this state, that he or

she produces and bottles . . . and that is transacted or caused to be transacted

through the use of any mail order, internet, telephone, computer, device, or other

electronic means[.]" Mich. Comp. Laws § 436.1203(25)(i).

> 27. Only a licensed Michigan wine maker or an out-of-state wine producer

and bottler holding both a federal basic permit and a license to manufacture wine in

its state of domicile may qualify for a direct shipper license. Mich. Comp. Laws

§ 436.1203(10).

28.     Wine satisfies the definitions of "intoxicating liquor" in the Twenty-first Amendment Enforcement Act and "alcoholic liquor" in the Michigan Liquor Control Code.

## VI.   FACTS

29.     Taste Wine has not applied for or received a license to sell or ship alcoholic liquor pursuant to the Michigan Liquor Control Code.

### 2019 Shipments

30.     On August 15, 2019, an MLCC investigator ordered a 750 ml bottle of Peak Cabernet Sauvignon red wine from Taste Wine's website, www.tastewineco.com.  The wine was delivered to the investigator in Kent City, Michigan 49330 on August 19, 2019, by the United Parcel Service.  The UPS delivery notification stated that the package was being sent by Taste Wine.  Exhibit 1 (UPS Delivery Notification).

### Cease-and-Desist Letter

31.     Based on the MLCC investigator's purchase, the Michigan Department of Attorney General sent a cease-and-desist letter to Taste Wine's mailing address on or about December 5, 2019, by certified mail, return receipt requested. Exhibit 2.

32.     The signed return receipt dated December 16, 2019, was returned to the Michigan Department of Attorney General.

33.     The cease-and-desist letter informed Taste Wine that its practice of directly shipping wine to consumers in the State of Michigan without possessing a

direct shipper license is illegal.  Furthermore, the cease-and-desist letter stated that legal action would result if Taste Wine continued its illegal activity of selling and shipping alcoholic liquor to consumers in Michigan without the proper license.  See Exhibit 2.

**Subsequent Shipments**

34.     To investigate whether Taste Wine had discontinued its illegal shipments following the December 5, 2019 cease-and-desist letter, a MLCC investigator placed an order on Taste Wine's website, www.tastewineco.com, on October 16, 2020, for the purchase and shipment of one 750 ml bottle of 2014 Ground Effect Wine Co. Cabernet Sauvignon wine.  The order confirmation number, 101772, was included in the documentation.  Exhibit 3 (order documentation).

35.     The MLCC investigator purchased the bottle of wine for $22.00 and paid $18.48 for shipping.  *Id.*

36.     On or about October 22, 2020, the MLCC investigator received a package addressed to the MLCC investigator containing a 750 ml bottle of 2014 Cabernet Sauvignon wine in Mason, MI 48854-9604.  Exhibit 4 (photographs of wine).

37.     The return address on the package fulfilling the investigator's order included the order confirmation number assigned by Taste Wine on October 16, 2020.  Exhibit 5 (photograph of return address label).

## COUNT I

## CAUSE OF ACTION UNDER TWENTY-FIRST AMENDMENT ENFORCEMENT ACT

38.     Plaintiff incorporates by reference paragraphs 1-37 as if fully restated

herein.

39.     Subsection (b) of the Twenty-first Amendment Enforcement Act, 27

U.S.C. § 122a(b), provides for temporary and permanent injunctive relief, as follows:

> If the attorney general has reasonable cause to believe that a
> person is engaged in, or has engaged in, any act that would
> constitute a violation of a State law regulating the importation
> or transportation of any intoxicating liquor, the attorney general
> may bring a civil action in accordance with this section for
> injunctive relief (including a preliminary or permanent
> injunction) against the person, as the attorney general
> determines to be necessary to--
>
> (1) restrain the person from engaging, or continuing to engage, in the
> violation; and
>
> (2) enforce compliance with the State law.

40.     Because Taste Wine lacked a direct shipper license, its sale of wine

and its shipment of wine to a Michigan consumer violated the prohibition in Mich.

Comp. Laws § 436.1203(1).

41.     Because Taste Wine does not fit within one of the categories of persons

permitted to sell, deliver, or import wine or beer in Mich. Comp. Laws

§ 436.1204(1), its sales and shipments of wine violate that statute.

42.     Both Mich. Comp. Laws § 436.1203 and § 436.1204 are state laws

regulating the importation and transportation of intoxicating liquor.

43.     Defendant has also violated section 901(1) of the Michigan Liquor

Control Code, Mich. Comp. Laws § 436.1901(1), which also regulates the

importation and transportation of intoxicating liquor.  That provision states:

> A person, directly or indirectly, himself or herself or by his or
> her clerk, agent or employee shall not manufacture,
> manufacture for sale, sell, offer or keep for sale, barter, furnish,
> or import, import for sale, transport for hire, or transport, or
> possess any alcoholic liquor unless the person complies with
> this act.

44.     Absent temporary and permanent injunctive relief, Defendant may

make similar illegal sales and shipments of alcoholic liquor to Michigan consumers

in the future.

45.     All nonjudicial means of restraining Taste Wine from engaging in

these violations and enforcing compliance with these Michigan laws have proven

inadequate.

46.     Accordingly, Plaintiff is entitled to preliminary and permanent

injunctive relief pursuant to the Twenty-first Amendment Enforcement Act

prohibiting Taste Wine from making future sales and shipments of alcoholic liquor

to Michigan consumers.

## COUNT II

## MICHIGAN CONSUMER PROTECTION ACT VIOLATIONS

47.    Plaintiff incorporates by reference paragraphs 1-46 as if fully restated

herein.

48.    Taste Wine has engaged in illegal alcohol sales and shipments to a

Michigan consumer.

49.    These practices by Taste Wine constitute unlawful "[u]nfair,

unconscionable, or deceptive methods, acts, or practice in the conduct of trade or

commerce" under section 3 of the Michigan Consumer Protection Act, Mich. Comp.

Laws § 445.903(1), because, by these actions, Taste Wine has:

> (a)  Caus[ed] a probability of confusion or misunderstanding as to . . .
> the approval . . . of goods or services.

> * * *

> (c)  Represent[ed] that goods . . . have approval . . . that they do not
> have . . . .

> * * *

> (n)  Caus[ed] a probability of confusion or of misunderstanding as to
> the legal rights . . . of a party to a transaction.

> * * *

> (s)  Fail[ed] to reveal a material fact, the omission of which tends to
> mislead or deceive the consumer, and which fact could not be
> reasonably known by the consumer.

> * * *

(bb)  Ma[de] a representation of fact . . . material to the transaction such that a person reasonably believes the represented . . . state of affairs to be other than it actually is.

(cc)  Fail[ed] to reveal facts which are material to the transaction in light of representations of fact made in a positive manner.

50.     Section 5(1) of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.905(1), provides for penalties for each violation of the Act up to $25,000.00, including injunctive relief and costs.

51.     Accordingly, Defendant is liable for and should be assessed civil penalties for each of the Michigan Consumer Protection Act violations.

## REQUESTED RELIEF

Plaintiff respectfully requests this Honorable Court to enter an Order providing for:

a)     Preliminary and permanent injunctive relief under the Twenty-first Amendment Enforcement Act enjoining Defendant from continuing to violate the applicable provisions of the Michigan Liquor Control Code;

b)     Preliminary and permanent injunctive relief under the Michigan Consumer Protection Act enjoining Defendant from continuing to violate the applicable provisions of that Act, Mich. Comp. Laws § 445.905(1);

c)     The imposition of cumulative civil penalties against Defendant pursuant to section 5(1) of the Michigan Consumer Protection Act, specifically $25,000.00 for each violation of the Act, including

violations learned of through the course of discovery, Mich. Comp.

Laws § 445.905(1);

d)      Reimbursement of investigative expenses incurred, Mich. Comp.

Laws § 445.905(1);

e)      An award of costs and attorney fees, Mich. Comp. Laws

§ 445.905(1);

f)      Any other relief determined to be just and appropriate.

Respectfully submitted,

DANA NESSEL
Attorney General

/s/ Rosendo Asevedo, Jr._____
Rosendo Asevedo, Jr. (P28369)
Daniel Felder (P68920)
Melinda A. Leonard (P63638)
Assistant Attorneys General
Alcohol & Gambling Enforcement Division
25680 W. 8 Mile Rd.
Southfield, MI  48033
(313) 456-1180
asevedor@michigan.gov

Dated:  May 5, 2021